Filed 4/28/22  P. v. Clark CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C092864 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF16722) |
| v. | |
| BRANDON ALLAN CLARK, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brandon Allan Clark asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

The factual background is based on testimony at the preliminary hearing, to which the parties stipulated as the factual basis for defendant's plea.  Davis Police Officer John

Evans received a report about a sexual assault that had occurred two days earlier at a self-storage unit in Davis.  The victim, M.R., reported that on November 21, 2015, she met a man, later identified as defendant, in front of the self-storage business where defendant rented a storage space.  After speaking for a while, she agreed to accompany him into his storage unit.  Video surveillance and storage facility records showed defendant using a gate code to enter the premises with M.R.

When they arrived at his storage unit, defendant offered M.R. whiskey, Ecstasy, and methamphetamine, which they both consumed.  After drinking and taking the drugs, M.R. said defendant started to come on to her, talked about getting naked, and tried to kiss her; he told her he was "horny" and took off his shirt.  M.R. declined defendant's advances multiple times.  Defendant placed his hands on M.R.'s shoulders while she was seated on an ottoman, pushed her down, and told her he was going to rape her.  Defendant also threatened to cut M.R. up and put her in a bag.  M.R. was scared and told defendant she would scream to alert people she was in his storage unit.  Defendant then retrieved a roll of duct tape and placed a piece over M.R.'s mouth.  M.R. kicked defendant in the groin, which caused defendant to step back and release his grip on her.  M.R. stood up and ran out.  Video surveillance captured her leaving the facility alone.

M.R. later identified defendant in a photographic lineup as the man who attacked her.  At the time, defendant was on searchable probation.  During a subsequent search of defendant's storage unit, officers found an operable bolt-action rifle, an opened bottle of whiskey, a roll of duct tape that had been previously used, and a chair or ottoman.

In April 2016, defendant was charged in Yolo County case No. 16-0722 (Yolo County case) with assault with intent to commit sexual assault (Pen. Code, § 220, subd. (a)(1) -- count 1),[1] false imprisonment with force and violence (§§ 236, 237,

---

[1] Undesignated statutory references are to the Penal Code.

subd. (a) -- count 2), criminal threats (§ 422 -- count 3), and being a felon in possession of a firearm (§ 29800, subd. (a)(1) -- count 4).  In April 2019, the prosecution filed an amended information that added an allegation that defendant was arrested in June 2017 and convicted of two offenses in June 2018 in Stanislaus County case No. 400359 (the Stanislaus County case) while he was out on bail in the Yolo County case (§ 12022.1, subd. (b)).

In December 2019, defendant pleaded no contest to count 4, being a felon in possession of a firearm, and admitted the on-bail enhancement in exchange for a stipulated two-year eight-month sentence if the trial court later found the on-bail enhancement applied, or a stipulated eight-month sentence if the trial court subsequently found the on-bail enhancement did not apply.  The remaining counts were dismissed in light of the plea.

In July 2020, the trial court found the on-bail enhancement applied to defendant's case and imposed an aggregate six-year four-month prison sentence as follows: reimposition of the three-year eight-month prison term for two convictions in the Stanislaus County case,[2] a consecutive eight months (one third the midterm) for the felon in possession of a firearm conviction in the Yolo County case, and an additional two years for the on-bail enhancement in the Yolo County case.  The trial court also imposed concurrent sentences in two other misdemeanor cases.

The trial court awarded the following presentence credit:  in the Stanislaus County case, 1,340 days (898 actual days and 442 conduct days), and in the Yolo County case, 693 days (347 actual days and 346 conduct days).  In addition, it ordered defendant to

---

[2]  The trial court also reimposed a 180-day concurrent term for a misdemeanor conviction, and then struck a one-year prior prison term enhancement under Senate Bill No. 136 (2019-2020 Reg. Sess.).

3

pay minimum restitution fines (§§ 1202.4, 1202.45) and mandatory assessments (§ 1465.8; Gov. Code, § 70373).

Defendant timely appealed with a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                    /S/
                            MAURO, Acting P. J.



We concur:



    /S/
RENNER, J.



    /S/
EARL, J.

4